### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.                              Case No. 4:97-CR-00200 (3) JLH

**JAMES GOOLSBY**

## ORDER

James Goolsby has filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 706 to the United States Sentencing Guidelines, otherwise known as the crack cocaine guideline reduction.[1]  He has also filed a motion seeking appointment of counsel to assist him in seeking a sentence reduction.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible.  Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for the Court to consider whether to exercise its discretion to grant a sentence reduction.  U.S.S.G. § 1B1.10 (a)(1).

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

Goolsby claims that because the sentencing guidelines are now advisory, the Court, upon resentencing, may consider a sentence reduction "by whatever amount the factors in 18 U.S.C. § 3553(a) warrant." The Court rejects this argument. In January of 2005, the Supreme Court held the sentencing guidelines are no longer mandatory, but are advisory. *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, the Eighth Circuit has held that *Booker* does not apply retroactively to convictions that were final when the decision was announced. *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). If Goolsby were eligible for a sentence reduction, whether *Booker* would govern the re-sentencing would be an issue that the Court would have to address. But he is not eligible for re-sentencing, and *Booker* does not apply retroactively to convictions that were final when the decision was issued.

The record shows that a jury convicted Goolsby of one count of conspiracy to distribute a substance or mixture containing more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, and one count of distributing a mixture or substance containing more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Presentence Report indicates that Goolsby was directly connected to 6.5 kilograms of cocaine base. Based on that drug quantity, the guideline calculation started with a base offense level of 38. Because of his two prior felony convictions for crimes of violence and three prior felony controlled substance offenses, Goolsby qualified as a career offender under the guidelines. His base offense level was based on the drug quantity table since it was higher than the career offender base offense level of 37. *See* U.S.S.G. § 4B1.1, § 2D1.1. The base offense level was increased by 11 additional points for an official victim adjustment (3 points); role in the offense adjustment (4 points); obstruction of justice

adjustment (2 points) and reckless endangerment during flight (2 points).  Based upon a total offense level of 49 and a criminal history category of VI, the guideline imprisonment range was life.  The statutory maximum term of imprisonment was also life.  On September 17, 1999, Goolsby was sentenced to life imprisonment.[3]

When the crack cocaine guideline amendment is applied to a drug quantity of 6.5 kilograms of cocaine base, it results in a base offense level of 38, to which the same 11 additional points must still be added.  So, whether Goolsby's sentence is computed using the drug quantity table in effect at the time of sentencing or the post-Amendment 706 drug quantity table, the result is the same.  Goolsby's total offense level is 49, his criminal history category is VI, and the recommended guideline range is life imprisonment.

Incidentally, the highest offense level on the guideline sentencing table is 43.  For an offense level of 43 and above, the recommended sentence is life imprisonment regardless of criminal history category.   The crack cocaine reduction, when it applies, can not reduce  a defendant's offense level by more than 2 points.  Even assuming Goolsby was given the maximum benefit of a 2 point reduction to his offense level, his total offense level would be 45 and the recommended guideline sentence would be the same –  life imprisonment.

Because the reduction in the sentencing guideline range for crack cocaine cases has no effect on Goolsby's sentence, both of his motions must be denied.

IT IS THEREFORE ORDERED THAT Defendant James Goolsby's Motion for Sentence Reduction (Doc. No. 215) and Motion to Appoint Counsel (Doc. No. 217) be, and they are hereby, DENIED.

---

[3] The Honorable Stephen M. Reasoner presided over the trial and imposed sentence.

IT IS SO ORDERED this 16th day of April, 2009.

                                              */s/ J. Leon Holmes*
                                              UNITED STATES DISTRICT JUDGE