UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  4:97CR00200-03 JLH |
| | ) | |
| JAMES GOOLSBY | ) | |

**RESPONSE OF THE UNITED STATES TO
PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT A SENTENCE UNDER 28 U.S.C. § 2255**

The United States of America, by and through its attorneys, Christopher R.

Thyer, United States Attorney for the Eastern District of Arkansas, and Jana K. Harris,

Assistant United States Attorney, for its Response to the Petitioner James Goolsby's

Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 states as

follows:

I.      Factual background as it relates to this motion

Defendant James Goolsby has filed a Motion Seeking Habeas Corpus Relief

Pursuant to 28 U.S.C. § 2255.  (Doc. 233).  On May 14, 1999, Goolsby was convicted by a

jury of conspiracy to distribute more than 50 grams of cocaine base under 21 U.S.C. 846

and possession with intent to distribute more than 50 grams of cocaine base under 21

U.S.C. 841(a)(1).  (Doc. 134).  On September 21, 1999, Goolsby was sentenced to life in

prison.  (Doc. 150).  The judgment of this Court was affirmed by the Eighth Circuit

Court of Appeals on April 19, 2000.  *United States v. Goolsby*, 209 F.3d 1079 (8th Cir.

2000).

1

On May 29, 2001, Goolsby filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. 170). This motion was denied by this Court on March 14, 2002. (Doc. 185). The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed defendant's appeal on December 5, 2002. (Doc. 190).  This subject Motion Seeking Habeas Corpus Relief Pursuant to 28 U.S.C. § 2255 was filed on August 23, 2013.  (Doc. 233).  This Court ordered the government to respond to Defendant Goolsby's 2255 Motion on August 26, 2013.  (Doc. 234).

II.     Argument

Defendant has not established that this Court has jurisdiction to entertain his motion. His original motion to vacate his conviction and sentence was denied, and that denial was upheld on appeal. (Doc. 170, 185). Construed as a second or subsequent motion filed pursuant to 28 U.S.C. § 2255, this Court has no jurisdiction to hear defendant's claim, because defendant has failed to obtain certification from the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h).  Therefore, absent a certification by the Eighth Circuit, this Court lacks authority under §2255 to grant movant's requested relief and this motion should be denied.

There is no likelihood that such a certification of appealability should be granted, if requested, because the claim does not involve newly discovered evidence tending to establish innocence or a new rule of constitutional law made retroactive by the United States Supreme Court. *See* 28 U.S.C. § 2255(h)(1)(2).  In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review.

Goolsby's Motion claims that the recent Supreme Court holdings of *Moncreiffe v. Holder*, 133 S.Ct. 1678, 185 L. Ed. 2d 727 (2013), *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) announce new retroactive rules that invalidate Goolsby's sentence because they affect his status as a career offender under U.S.S.G. § 4B1.1.   The United States can address how these decisions do not, in fact, announce new rules of constitutional law applicable to Gooslby's sentence, but the United States does not believe this is necessary.  Goolsby's total offense level at sentencing was 49 and, without regard to his criminal history category, resulted in a sentencing guideline range of life.   Under the applicable sentencing table, an offense level of 43 or more results in a guideline range of life under any criminal history categorization.  As Goolsby's offense level was a 49, Gooslby's status as a Career Offender is irrelevant.

Accordingly, the United States requests that this motion pursuant to § 2255 be summarily dismissed as the court lacks jurisdiction to consider a second successive motion absent authorization from the Eighth Circuit and deny any certificate of appealability.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Petitioner's motion be dismissed.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney

/s/ Jana Harris

By:  Jana Harris (88021)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 7220
(501) 340 – 2600
jana.harris@usdoj.gov

Certificate of Service

I hereby certify that on September 25, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, and mailed a copy to the Petitioner as follows:

James Goolsby, #21248-009
USP Beaumont
PO Box 26030
Beaumont, Tx 77720

/s/ *Jana Harris*
Jana Harris

4