FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 08 2018

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Case No. LR-CR-97-200(3)

JAMES GOOLSBY,

    Defendant.

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) AND/OR THE HOLLOWAY DOCTRINE.

James Goolsby, pro se, ("Petitioner") moves this Honorable Court pursuant to 18 U.S.C. 3582(c)(2), the principles announced in Holloway v. United States 68 F.Supp.2d 310 (S.D.N.Y. 2014), for an order reducing his "MANDATORY LIFE" sentence imposed in 1999 under the then Mandatory United States Sentencing Guidelines, and pursuant to retroactive Amendments(s) 591, 706, 711, 715, 750, and 782 to the Sentencing Guidelines 1B1.10(c). In support of this motion Petitioner states:

***ATTANTION***

As a preliminary Statement, Petitioner request that the Court take judicial notice that his sentence was not imposed pursuant to USSG 4B1.1, Career Offender enhancement, which provides in relevant parts: "if the offense level for a career offender fro the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply"

Upon a preliminary review of the record, Petitioners total base offense level is a "49", however, under USSG

Chapter 5, pt.A commt. Not 2, an offense level of more than 43 is to be treated as a offense level 43. SEE, United States v. Strong, 773 F.3d 920, 925 (8th Cir. 2014).

Being that Petitioners base offense level is a "49" or rather "43", the Eighth Circuit has held that "based on the 'fair meaning' of 4B1.1, it logically follows that the "otherwise applicable" offense level is greater, then the sentencing court must apply that offense level." United States v. Washington, 618 F.3d 869, 871 n.7 (8th Cir. 2010).

Thus, it follows that, the District Court, as in this case applied the otherwise applicable adjusted base offense level, and not the applicable Career Offender offense. See, United States v. Zimmer, 299 F.3d 710, 721 (8th Cir. 2001). Thus, the Court has jurisdiction to reduce Petitioners sentence pursuant to 3582(c)(2). See, Washington, 618 F.3d at 873.

STANDARD FOR REVIEW: The Eighth Circuit has mandated that a District Court reviewing a motion pursuant to 3582 to make two distinct steps: First, recalculate the Sentencing guideline substituting only the amended guideline range, and leaving all other factual determinations intact. Under step two, the Court must decide whether to give the benefit of of that particular sentence after considering the factors set forth in 18 U.S.C. 3553(a) to the extent they are applicable. SEE, United States v. Hassan, 245 F.3d 682, 684-85 (8th Cir. 2001)(En Banc). The failure to perform each step is reversible as an abuse of discretion. SEE, United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997).

DISCUSSION ON APPLICABILITY OF AMENDMENT 591

DISCUSSION ON APPLICABILITY OF AMENDMENT 591

Amendment 591 to the Sentencing Guidelines, also Amended USSG 1B1.1 and 1B1.2, sections for determining the guidelines applicable to the offense conduct under Chapter 2. Although, the Amendments commentary mentions and discusses USSG 2D1.2, this amendment also discusses other Guidelines and offense guidelines, such as 2F1.1 and any other Guideline range that is required to be selected based on the Offense of conviction.

What makes Amendment 591 applicable to this case, is that USSG 2D1.1, applies to at least 16 other types of drugs. Amendment 591 to 1B1.1 and 1B1.2 requires that the Court apply the guideline for the offense for which Petitioner was convicted and not just select 2D.1., as the applicable guideline for the offense of conviction without identifying which if the 16 other guideline offense applying to the drug applicable to the offense of conviction.

As mentioned above USSG 2D1.1 set forth incidents of conviction according to the offense's assigned category, based on drug type and quantity.

In the case sub judice, it cannot be said whether the jury found Petitioner guilty of being involved in cocaine or cocaine base because there was testimony of both. Because the Jury issued a general jury verdict, the district Court was required to sentence Petitioner to the alternative that yield a lower range in this case, Cocaine. See, United States v. Nattier, 127 F.3d 655, 661 (8th cir. 1997).

Considering the4 fact that Amendment 591 applies only to the choice of the applicable offense guideline, not the

subsequent selection of the base offense level. United States v. Rivera, 293 F.3d 584, 568 (2nd Cir. 2002).

Candor to the General jury's verdict, the Court incorrectly selected the initial offense guideline applicable to the offense of conviction for "Cocaine Base" under 2D1.1. The Applicable Guideline for the offense of conviction is the "Cocaine" guidelines.

A. RECALCULATED SENTENCE UNDER AMENDED RANGES

Yet, Petitioner avers that he is entitled to a reduction under Amendment(s) 591, 706, 711, 715, 750, and 782. In support Petitioner offers two well structured sentencing reduction proposals that reduces his sentence from a "Mandatory" life to a range of 360 to life which gives the Court discretion as follows:

**\*\*PROPOSED REDUCTION NUMBER 1\*\***

---

SENTENTENCING RANGES HAD BEEN REDUCED

---

1. Base Offense Level Reduction(s):

(a). The Offense level for an offense involving 6.5 KG of cocaine base is a level 34, as reflective in Amendment 782;

(b).    The Offense level is further reduced -2 minus for drug offense under Amendment 706. This makes the a new base offense level 32.; and

(c).    The Offense level is additionally reduced -2 levels, under Amendment 750. Ths makes the Offense level a 30.

2. Other Enhancements based on Offense Characteristics.

(a). Official Victim enhancement pursuant to USSG 3A1.2(b), is +3 increase.;

(b).    Role in offense, leader of criminal activity pursuant to 3B1.1(a), is a +4 increase.;

(c).    Obstruction of Justice, by escaping from custody pursuant to 3C1.1, is a +2 increase.; and

(d).    Reckless Enhangerment during flight, pursuant to 3C1.2, is a +2 increase.

3.    New Total base offense Level: 41. This new base offense level is still greater than the career offender enhancement in 4B.1..

4.    Criminal Histroy: Petitioners Criminal Histroy Score is a IV.

5.  New Reduced Sentencing range: The new range is 360 month to life. Petitioner new Sentencing range is lowered and no longer a mandatory "LIFE". Ths new range give the Court the discretion and authority to impose a sentence other than life an option that did not exist under the previously calculated range.

**PROPOSED REDUCTION NUMBER 2**

---

SENTENTENCING RANGES HAD BEEN REDUCED

---

1. Base Offense Level Reduction(s):

(a). The Offense level for an offense involving a general verdict involving 2 or more drugs, United States v. Nattier, 127 F.3d 665 (8th Cir. 1997) the applicable guideline under USSG 1B1.1(a)(1) and 1B1.2(a) for the offense producing the lesser sentencing range involving 6.5 KG of cocaine is a level 30, under 2D1.1(6) as reflective in Amendment 591 and Amendment(s) 706; 711; 715; and 782.

2. Other Enhancements based on Offense Characteristics.

(a). Official Victim enhancement pursuant to USSG 3A1.2(b), is +3 increase.;

(b). Role in offense, leader of criminal activity pursuant to 3B1.1(a), is a +4 increase.;

(c). Obstruction of Justice, by escaping from custody pursuant to 3C1.1, is a +2 increase.; and

(d). Reckless Enhangerment during flight, pursuant to 3C1.2, is a +2 increase.

3. New Total base offense Level: 41. This new base offense level is still greater than the career offender enhancement in 4B.1..

4. Criminal Histroy: Petitioners Criminal Histroy Score is a IV.

5. New Reduced Sentencing range: The new range is 360 month to life. Petitioner new Sentencing range is lowered

and no longer a mandatory "LIFE". Ths new range give the Court the discretion and authority to impose a sentence other than life an option that did not exist under the previously calculated range.

B.      CONSIDERATION OF FACTORS UNDER 18 U.S.C. 3553(A) AND HOLLOWAY CONSIDERATIONS.

Petitioner, prays that the Court in consideration of the 18 U.S.C. 3553(a) factors, consider his post-conviction efforts in determining whether to reduce his sentence under Peppers v. United States, 562 U.S. 476, 490 (2011). Petitioner also submits his education transcript (attachment "A")

Further Petitioner pray that the Court would have mercy on him as he has been under a mandatory life sentence under the past 20 plus years, and honestly, the severity of the sentence has almost destroyed all hope he has, yet Petitioner is trying to see the brighter side of life from the bottomless pit that he is sitting in.

In consideration of the reduced guideline ranges, Petitioner pray that the Court would consider his Holloway request. In Holloway, 68 F.Supp.3d at 310, the judge in the Southern District of New York exercised his judicial authority and assisted a defendant whom he [Hon. Gleeson] had sentenced to 57 years for violent crimes under 924(c). reducing his sentence to time served Id 68 F.Supp.3d 315-17.

Likewise, the Honorable Graham C. Mullen sitting in the United States District Court for the District of North Carolina, exercised that same discretion vacating four 924(c) convictions, for Tom Aaron Tate, who had served over 20 years in prison. See (Attachment "B", order of the Court)

Petitioner, in this case was sentenced for non-violent drug offenses and has a life sentence. Petitioner has extreme remorse for the crimes he committed and the actions that lead to and surrounding his convictions.

C.  CONCLUSION

WHEREFORE, Petitioner prays that the Court would give him an audience and allow him to plead his case at a hearing, and thereafter reduce the current "LIFE" of imprisonment to a term of "324 to 360 months" or any other relief under law this Court deems proper.

EXECUTED ON THIS 2 DAY OF May, 2018.

RESPECTFULLY SUBMITTED,
*James Goolsby*
James Goolsby

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the instant motion was sent pre-paid postage first class mail on this 2 day of May, 2018 to: A.U.S.A. Robert Govar, P.O. Box 1228, Little Rock, AR 72203.

*James Goolsby*

ATTACHMENT "A"

Att # A

ATTACHMENT "A"

Att # A

ATTACHMENT "A"

```
   LVNKB        *           INMATE EDUCATION DATA        *     05-02-2018
PAGE 001 OF 001 *                TRANSCRIPT              *       15:33:54

REGISTER NO: 21248-009    NAME..: GOOLSBY                      FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: LVN-LEAVENWORTH USP

---------------------------- EDUCATION INFORMATION ----------------------------
FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
LVN  ESL HAS    ENGLISH PROFICIENT             11-11-1999 1400 CURRENT
LVN  GED DN     DROPPED GED NON-PROMOTABLE     04-24-2015 0730 CURRENT
LVN  GED UNSAT  GED PROGRESS UNSATISFACTORY    04-24-2015 0730 CURRENT

----------------------------- EDUCATION COURSES -------------------------------
SUB-FACL   DESCRIPTION                   START DATE  STOP DATE  EVNT AC LV  HRS
LVN        ADULT BASIC ED 12:30-2/RALETZ 04-17-2015  04-24-2015  P  W  V    6
BMP        GED, CLASS #3, 1:00-3:00P, CT6 12-19-2011 09-05-2014  P  W  I 3780
BMP        PRE-GED,S GREEN, 1:30-3:30 CT2 05-11-2010 12-19-2011  C  W  I    0
BMP        PRE-GED, S. GREEN, 12:00-1:30P 04-05-2010 05-11-2010  C  W  I    0
BMP        GEDSLN M-F 7:30-9:30 A.M.      11-14-2008 04-05-2010  C  W  I    0
BMP        GEDSLN M-F 12:30 - 2:30 PM     03-05-2008 11-14-2008  C  W  I    0
BMP        SEWING VT: M-F 12:30P-3:30PM   08-06-2008 10-21-2008  P  C  C  120
BMP        GEDSLN M-F 1:30-3:30 PM        11-05-2006 03-05-2008  C  W  V    0
BMP        GEDLOW M-F 1:30-3:30 PM        08-01-2005 11-05-2006  C  W  V    0
BMP        GEDLOW M-F 7:30-9:30 A.M.      08-24-2004 08-01-2005  C  W  V    0
BMP        GED 1-LOW: M-F 7:30-8:30AM     01-21-2000 04-24-2001  P  W  V  247
BMP        GED 1-LOW: M-F 8:00-9:00AM     12-14-1999 01-21-2000  C  W  I    0

----------------------------- HIGH TEST SCORES --------------------------------
TEST         SUBTEST       SCORE    TEST DATE    TEST FACL   FORM      STATE
ABLE         LANGUAGE       0.0    11-10-1999      BMP        E
             NUMBER OPR     0.0    11-10-1999      BMP        E
             PROB SOLV      0.0    11-10-1999      BMP        E
             READ COMP      0.0    11-10-1999      BMP        E
             SPELLING       0.0    11-10-1999      BMP        E
             VOCABULARY     0.0    11-10-1999      BMP        E
TABE D       LANGUAGE       1.8    01-14-2009      BMP        9
             MATH APPL      1.7    01-14-2009      BMP        9
             MATH COMP      2.7    01-14-2009      BMP        9
             READING        0.7    01-14-2009      BMP        9
             VOCABULARY     0.7    01-14-2009      BMP        9
TABE E       BATTERY        2.8    08-07-2007      BMP        9
             LANGUAGE       1.6    08-07-2007      BMP        9
             MATH APPL      2.3    08-07-2007      BMP        9
             MATH COMP      4.5    08-07-2007      BMP        9
             READING        3.3    08-07-2007      BMP        9
             TOTAL MATH     3.3    08-07-2007      BMP        9
             VOCABULARY     0.0    08-07-2007      BMP        9




G0000           TRANSACTION SUCCESSFULLY COMPLETED
```

ATTACHMENT "B"

Att #B

ATTACHMENT "B"

Att B

ATTACHMENT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94CR147

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TOM AARON TATE | ) | |
| | ) | |

This matter is before the Court upon the *pro se* defendant's motion to reconsider the judgment, which the Court has referred to as a "*Holloway* request." The Court directed the government to respond to this motion and on April 12, 2016, the government filed a response indicating that it had no objection to the equitable relief requested by Mr. Tate given the unique facts and circumstances of this case.

Based upon the concurrence of the government, the Court hereby reopens Mr. Tate's case for the purpose of vacating the four § 924(c) convictions. This reduces Mr. Tate's sentence to 188 months incarceration. As Mr. Tate has already served over twenty years, he is eligible for release. The Court therefore resentences Mr. Tate to time served plus ten days.

IT IS SO ORDERED.

Signed: April 14, 2016

Graham C. Mullen
United States District Judge