UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARKANSAS

JAMES GOOLSBY,

        Defendant,

vs.                        Cim.No. LR-CR-97-200(3) JLH

UNITED STATES OF AMERICA,

        Plaintiff.

RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) AND/OR THE HOLLOWAY DOCTRINE.

    James Goolsby, pro se, ("Petitioner") and not for dilatory reasons or in vexation of the Court of the Government, humbly renews his motion to reduce sentence pursuant to §3582(c)(2) or Consideration under the principles announced in Holloway v. United States, 68 F.Supp.2d 310 (S.D.N.Y. 2014), and states:

## I. REDUCTION CONSIDERATIONS.

    Petitioner does not understand, why the Court cannot in a §3582(c)(2) proceeding ignore the (3) three level enhancement that the Court of Appeals found did not apply in this case in considering a reduction of sentence?

    Pursuant to retroactive Amendment 782, and listed in 1B1.10 reduces Petitioners base offense level from 38 to a new level of 34.

    The Court should only apply an (8) eight level enhancement: (a) Role in Offense adjustment +4; (b) Obstruction of justice adjustment +2; and (c) Reckless endangerment adjustment +2.

    This makes the Total offense level to a 42.

    While It is understood that the court cannot correct

an error because §3582 and U.S.S.G. §1B1.10 limits its ability to revise its original sentencing calculation. Dillion v. United States, 560 U.S. 817, 826 (2010).

This Case is different and exceptional, as the Court of Appeals has already determined that the (3) three level enhancement for the "Official Victim", did not apply because there was "NO" Official victim involved. United States v. James Goolsby, 209 F.3d 1079, 1081-82 (8th Cir. 2000)(Opinion by District Judge J. Rosenbaum).

Thus, the Court will not lightly stray from the bounds of these decision by ignoring the improper enhancement. As this case, represents a singular and unique exception, like that in United States v. Richard Miller, 2010 U.S. Dist. Lexis 79763 (D.Minn. Aug. 5, 2010)(Judge J. Rosenbaum).

Petitioner avers that his base offense level in light of Amendment 782 and the other adjustments is 42, and Criminal History Category IV. This providing a new sentencing range of 360 months to life. The Sentencing range is no longer a "Mandatory Life".

## II. JUDICIAL/HOLLOWAY CONSIDERATIONS.

Petitioner does not understand how the Government can be so adamant to inflict a miscarriage of justice, to prevent the Court from exercising its rightful discretion precluding the consideration of true facts and resulting in the consideration of false ones, on the material question involving Petitioners sentence?

The Government is aware that the record reflects an improper three (3) level enhancement for which Petitioner is "factually innocent", that prohibits this Court from

exercising its discretion under §3582(c)(2), and that Petitioner has no other remedy to have the defect, i.e. improper (3) three level enhancement removed where:

(1) The Sentencing Guideline issue cannot be raised in a 28 U.S.C. §2255 motion. Sun Bear v. United States, 644 F.3d. 700, 704-05 (8th Cir. 2011)(En Banc); and

(2) As Stated by the Government, the Appeals Court cannot consider the recall the mandate because it is government by second or successive §2255 which the claim do not apply. citing Davis v. Kelley, 854 F.3d 967, 970 (8th Cir. 2017).

It has been said that the Assistant United States Attorney's Conduct or role in the prosecution is not the punishment of society for misdeeds, but an avoidance of an unfair proceeding of an accused. Society wins not only when the guilty are convicted, but when criminal proceedings are fair. The "Administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the Federal domain: "'the United States wins its point whenever justice is done its citizens in the courts'" Cf. Brady v. Maryland 373 U.S. 83,87 (1963).

Petitioner recognizes that BRADY, is a case that deals with the Suppression of evidence that is favorable to an accuse at trial or that would mitigate punishment. How much so different is it for the Government to use a false fact to prevent the Court from exercising its discretionary function? The system of the administration of justice suffered when any accused is treated unfairly.

Case 4:97-cr-00200-LPR   Document 271   Filed 08/31/18   Page 4 of 7

Page 4

Petitioner does understand that the Government has the discretion to oppose any reduction request, but, such opposition should be made on a fair record and not on a record that is not accurate and based on false facts. The Government, and the Court is aware that the 3 level enhancement for the "Official Victim" does not apply in this case, as determined by the Court of Appeals. See, James Goolsby, supra, 209 F.3d at 1081-82.

Petitioner, avers that he should be given another chance at life with fair consideration and a determination by the Court. Petitioner prays that the Court would have mercy on him, as he has been sentenced to a "Mandatory life" sentence.

The Court had no discretion at the time under the then "Mandatory" sentencing guidelines over 20 years ago. Petitioner is trying to see the brighter side of life from the bottomless pit which has been depriving Petitioner of all hope, with no remedy for relief, defeating the goals of punishment. United States v. Carvajal, No. 04 CR 222, 2005 U.S. Dist LEXIS 3076, 2005 WL 376125, at *5-*6 (S.D.N.Y. Feb. 22, 2005).

Even though the Correction of or ignoring the error [i.e. erroneous 3 level enhancement], would at least allow the Court to consider a reduction, which the Government is allowed to oppose.

Petitioner has a life sentence for Drug charges, yet, Courts have Granted reductions in the exercise of its authority in cases which involved the carrying, possession, or use of a firearm in commission of crimes of violence such as carjacking and Bank Robberies, as in Holloway, 68 F.Supp. 3d

at 310; 315-17; and United States v. Tom Aaron Tate, Case No. 3:94-cr-00147-GCM, Docket Entry #151 (W.D. North Carolina, April 14, 2016).(Opinion Attached)

Petitioner has extreme remorse for his crimes ,repents, and resigned from criminal conduct with a clear understanding that his action were illegal, unacceptable, and will not be tolerated.

### III. CONCLUSION

WHEREFORE, Your Petitioner prays that this Court would give him an audience and allow him to plead his case at a hearing with counsel, and thereafter request that the Court reduce the Current "Life" term of imprisonment to a term of "360 months", or any other relief that the Court deems just and proper under law.

EXECUTED ON THIS 28TH DAY OF AUGUST, 2018.

RESPECTFULLY SUBMITTED,
James Goolsby

### IV. CERTIFICATE OF SERVICE

I hereby certify that a true copy of the instant motion was sent pre-paid postage first class mail on this 28th day of August, 2018 to: AUSA Jana Harris, P.O.Box 1229, Little Rock, Arkansas 72203.

Signed,
James Goolsby

ATTACHMENT "A"

Att # A

ATTACHMENT "A"

Att # A

ATTACHMENT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94CR147

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| TOM AARON TATE ) | |

This matter is before the Court upon the *pro se* defendant's motion to reconsider the judgment, which the Court has referred to as a "*Holloway* request." The Court directed the government to respond to this motion and on April 12, 2016, the government filed a response indicating that it had no objection to the equitable relief requested by Mr. Tate given the unique facts and circumstances of this case.

Based upon the concurrence of the government, the Court hereby reopens Mr. Tate's case for the purpose of vacating the four § 924(c) convictions. This reduces Mr. Tate's sentence to 188 months incarceration. As Mr. Tate has already served over twenty years, he is eligible for release. The Court therefore resentences Mr. Tate to time served plus ten days.

IT IS SO ORDERED.

Signed: April 14, 2016

Graham C. Mullen
United States District Judge