# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                        NO. 4:97CR00200-03-JLH

JAMES GOOLSBY                                                                                      DEFENDANT

## OPINION AND ORDER

James Goolsby has filed a Motion for Re-Sentencing and Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act of 2018. Document #288. He also has moved for a reduction in his sentence pursuant to *Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Document #271. For reasons that will be explained, the First Step Act motion is granted in part and denied in part. The motion under *Holloway* is denied.

On May 15, 1999, a jury found Goolsby guilty of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). According to the presentence report, Goolsby was responsible for 6.5 kilograms of cocaine base, which resulted in a base offense level of 38. The offense level was increased to 49 as a result of a 3-level increase under U.S.S.G. § 3A1.2 for an official victim, a 4-level increase under § 3B1.1(a) for his role as a leader, a 2-level increase under § 3C1.1 for obstruction of justice, and a 2-level increase under § 3C1.2 for reckless endangerment during flight. Goolsby qualified as a career offender under the guidelines. However, his offense level was based on the total of the drug quantity table and Chapter Three enhancements because it was higher than the career offender offense level. *See* U.S.S.G. § 4B1.1, § 2D1.1.

With a total offense level of 49 and a criminal history category of VI, the guideline imprisonment range was life. The statutory maximum term of imprisonment was also life. On

September 17, 1999, Goolsby was sentenced to life imprisonment. He appealed the sentence and the Court of Appeals found that the 3-point enhancement for official victim was not applicable,[1] but this was harmless error because the guideline range was life even without it. *United States v. Goolsby*, 209 F.3d 1079, 1081-82 (8th Cir. 2000).

Goolsby requests a full re-sentencing hearing because "the First Step Act requires this Court to hold a re-sentencing hearing with Mr. Goolsby present." Document #288 at 11 n.31. Goolsby's motion is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). That statute allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B). The statute at issue here—the First Step Act—does not expressly require a re-sentencing hearing. Instead, it provides that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Furthermore, the First Step Act does not even require a court to reduce a sentence. The First Step Act expressly provides that a court "<u>may</u> . . . impose a reduced sentence" and sets out that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* If a court is not required to reduce a sentence, it certainly is not required to have a re-sentencing hearing. Because a re-sentencing hearing is not required under either the First Step Act or 18 U.S.C. § 3582, and because the transcripts of the trial and sentencing provide ample information to enable the Court to impose a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense were committed," the

---

[1] Goolsby assaulted a jailer while awaiting sentencing. The Eighth Circuit held that the official victim enhancement did not apply because the jailer was not the victim of the crime of conviction.

2

Court declines to conduct a re-sentencing hearing in this case. If Congress intended to require a re-sentencing hearing, it would have so stated in the First Step Act. *Cf. United States v. Sampson*, No. 00-CR-6083L, 2019 WL 1141528, at *2 (W.D.N.Y. March 13, 2019); *United States v. Davis*, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. March 6, 2019); *United States v. Potts*, No. 2:98-CR-14010-Rosenberg, 2019 WL 1059837, at *2 (S.D. Fla. March 6, 2019).

The Government argues that Goolsby is not entitled to re-sentencing because "Section 404 only permits a court to reduce a defendant's sentence for a crack cocaine offense as if it had imposed the sentence after the Fair Sentencing Act of 2010 lowered the statutory sentencing range for crack cocaine offenses." Document #290 at 8. The Government then relies on the findings in the presentence report and at the sentencing hearing to argue that Goolsby does not qualify because he is responsible for more than 1.5 kilograms of cocaine base. The Government points out that this amount is well above the threshold for a conviction under the present version of 21 U.S.C. § 841(a)(1)(A), and argues, therefore, that the First Step Act does not affect his sentence. That argument misses the mark. Goolsby was charged with, and found guilty of, conspiring to distribute more than 50 grams of cocaine base and possession with intent to distribute more than 50 grams of cocaine base. Under the Fair Sentencing Act, the mandatory minimum for those offenses with the charged quantities is now 5 years, not 10 years, and the maximum is 40 years, not life. The offense of conviction, not the judge's findings at sentencing, determines which statutory minimum and maximum apply. *Cf. Davis*, 2019 WL 1054554, at *2.

The Government also makes an equitable argument: "[T]o sentence Goolsby as if he were not subject to a ten-year mandatory minimum penalty would put him in a more favorable position than defendants sentenced under the Fair Sentencing Act, which is contrary to Congress' intent."

According to the Government, "Defendants sentenced under the First Step Act should not receive a windfall not available to defendants prosecuted under the Fair Sentencing Act, which would create unwarranted sentencing disparities among similarly situated offenders." Document #290 at 10. Although not expressly stated, the Government's argument seems to be that Goolsby may receive a sentence less than persons who were indicted after the Fair Sentencing Act because, if he had been indicted after the Fair Sentencing Act, the Government would have charged him with being responsible for 280 grams or more of cocaine base, and then his statutory range of imprisonment still would have been ten years to life. Thus, the Government seems to say, Congress has retroactively increased the quantity of cocaine base that must be charged in the indictment for the minimum of ten years and the maximum of life to apply, which benefits persons, like Goolsby, who could have been charged with a quantity sufficient to qualify for the highest penalty range but were not because the statute then in effect did not require it. Perhaps so. But, wise or not, Congress enacted the statute that creates this potential discrepancy or windfall, and it is the duty of the Court to apply the statute as written.

The issue now is what effect the Fair Sentencing Act would have been had it been enacted when Goolsby was sentenced. According to the presentence report, Goolsby was responsible for 6.5 kilograms of cocaine base, which now would result in a base offense level of 34. However, at sentencing, Goolsby objected to that portion of the report, and the Court found that "Mr. Goolsby was involved in a conspiracy involving at least, at least 1.5 kilograms, probably considerably more than that, but certainly enough to support a base offense level of 38." Giving Goolsby the benefit of the doubt—that he is responsible for only 1.5 kilograms of cocaine base—he now has a base offense level of 32. The offense level is increased by a total of 8 points: 4 points for role; 2 points

for obstruction of justice; and 2 points for reckless endangerment during flight. Because he has at least two prior felony convictions for qualifying controlled substance offenses, he qualifies as a career offender, resulting in a criminal history category of VI. Although Goolsby is a career offender, the total offense level from the drug quantity table and Chapter Three enhancements still applies because it is higher than the career offender offense level. With a total offense level of 40 and criminal history category VI, Goolsby's guideline range would be 360 months to life but for the statutory maximum of 40 years, which becomes the upper end of the guideline range.

Goolsby asserts that the "Court has the discretion to impose sentences below Mr. Goolsby's advisory guidelines range," and requests a sentence of 300 months. Document #288 at 8. Assuming, without deciding, that the Court has the authority to go below the new guideline range, it will not do so in this case. Based on the presentence report and the evidence presented at trial and sentencing, a sentence below the guideline range would not be sufficient to accomplish the purposes stated in 18 U.S.C. § 3553(a)(2). It appears from his comments at the sentencing hearing that the trial judge who sentenced Goolsby viewed this case as one of the worst drug cases he had seen in his twelve years on the bench, which indicates that he would not have sentenced Goolsby below or even at the bottom of the guideline range if he had been applying the law as it stands today. Substantial evidence at trial connected Goolsby to gunshots fired at the house of a witness for the Government.[2] While detained before trial, Goolsby assaulted an officer and escaped detention,

---

[2] Goolsby was charged with and acquitted of attempting to kill a federal witness. The evidence established that after a key witness testified before the grand jury, shots were fired into her house at night. An investigating officer testified that the shots were fired from a shotgun, a large-caliber weapon, and a medium-caliber weapon. Goolsby was in jail at the time. The trial judge commented, "there are so many things that would link it to Mr. Goolsby. I wonder, though, if the jury could conclude beyond a reasonable doubt there was an attempt to kill her as opposed to just shoot up the house and scare her."

causing a significant risk of injury; and he endangered a child when he ran from the police as they approached to execute a search warrant. Goolsby's criminal history points were 23, far greater than necessary to reach Category VI. He was around 36-years-old at time of his sentencing and his criminal activity went back to age 16. The only real gaps in criminal activity appear to have been when he was incarcerated or under parole. In considering the § 3553(a) factors, perhaps the most significant fact regarding Goolsby's history and characteristics is the assault on the jailer and the escape. The jailer testified at sentencing that Goolsby approached him from behind, grabbed him, held a sharp object to his neck, threatened to kill him if he did not obey, dragged him 15 or 20 feet into a cell, handcuffed him, and sprayed him with pepper foam before escaping. Such behavior requires a severe sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant. A sentence below the guideline range or at the low end of the guideline range would not be sufficient. Sentencing Goolsby as if the Fair Sentencing Act had been enacted at the time Goolsby committed the crime of conviction, the sentence sufficient but not greater than necessary to accomplish the purposes stated in § 3553(a)(2) is 480 months.

## CONCLUSION

James Goolsby's Motion for Re-Sentencing and Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act of 2018 is GRANTED IN PART and DENIED IN PART. Document #288. His motion for a sentence reduction under the *Holloway* case is DENIED. Document #271. Goolsby's sentence is reduced to 40 years on Count 1 and 40 years on Count 2, to run concurrently with the sentence on Count 1. Supervised release will be four years. All other

conditions in the original judgment will remain the same.  Document #150.  An amended judgment will be entered separately.

    IT IS SO ORDERED this 3rd day of April, 2019.

                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT JUDGE