# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1754

_____

4:97-cr-00200-03-JLH

United States of America,

*Plaintiff - Appellee*,

v.

James Goolsby,

*Defendant - Appellant.*

_____

No. 19-1958

_____

United States of America,

*Plaintiff - Appellant*,

v.

James Goolsby,

*Defendant - Appellee.*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2020
Filed: May 29, 2020

[Unpublished]
_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

The district court[*] reduced James Goolsby's sentence from life imprisonment to 40 years under authority granted by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Goolsby believes that he deserved a greater reduction, and he appeals. The government cross-appeals to argue that Goolsby was not eligible at all for a reduction. We conclude that there was no error, and we affirm the judgment.

Goolsby was convicted in 1999 of two drug trafficking offenses: conspiracy to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(A) (1989), and distribution of 50 grams or more of cocaine base, *id.* § 841(a)(1), (b)(1)(A) (1997). At sentencing, the district court determined that Goolsby was responsible for at least 1.5 kilograms of cocaine base for a base offense level of 38 under the sentencing guidelines, and determined a guideline sentence of life imprisonment based on a total offense level of 49. The court sentenced Goolsby to a life term.

Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Under the Fair Sentencing Act, the statutory maximum penalties for the offenses of distributing or conspiring to distribute 50 grams of cocaine base were reduced from life to forty

_____

[*]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, now retired.

-2-

years' imprisonment. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. The district court determined that the advisory guideline range for Goolsby under current law was 360 months' to 480 months' imprisonment, and reduced his term from life to 480 months. The court permissibly resolved the motion without a hearing. *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019).

The government argues that Goolsby is not eligible for a reduced sentence, because he was accountable for at least 1.5 kilograms of cocaine base, and the Fair Sentencing Act did not reduce the penalties for an offender responsible for that quantity of drugs. This contention is foreclosed by *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019), which held that the First Step Act "applies to offenses, not conduct," so it is the defendant's statute of conviction that determines his eligibility for relief. *Id*. at 772. Because the statutes of conviction in Goolsby's case required only proof that he distributed or conspired to distribute 50 grams of cocaine base, and the Fair Sentencing Act reduced the penalties for a 50-gram offense, he is eligible for a reduction.

In determining the reduced sentence, the district court cited comments of the original trial judge that Goolsby's case was "one of the worst drug cases he had seen in his twelve years on the bench." The court observed that Goolsby's criminal history far exceeded the number of points required to reach the highest category under the sentencing guidelines. The court also recounted that substantial evidence connected Goolsby to gunshots fired at the house of a witness for the prosecution in his case, and that Goolsby assaulted an officer and escaped detention while he was detained pending trial. In the latter incident, Goolsby "approached [the jailer] from behind, grabbed him, held a sharp object to his neck, threatened to kill him if he did not obey, dragged him 15 or 20 feet into a cell, handcuffed him, and sprayed him with pepper foam before escaping." In light of Goolsby's history and characteristics, the court

determined that a sentence below the guideline range or at the low end of the range would not be sufficient to satisfy the purposes of sentencing stated in 18 U.S.C. § 3553(a)(2).

Goolsby contends that the court abused its discretion by failing to consider his post-sentencing rehabilitation, his advanced age, and the alleged disparity between his sentence and sentences imposed on other drug traffickers. While a district court may reduce a sentence based on post-sentencing rehabilitation or other mitigating factors, a court is not required to do so. *Williams*, 943 F.3d at 844. The district court's order did not discuss Goolsby's argument on this point, but the court never indicated that it lacked authority to consider evidence of rehabilitation, and a sentencing court "need not respond to every argument made by [a] defendant." *Id*. (internal quotation omitted). The court provided ample reasons to justify the sentence of 480 months' imprisonment. It was reasonable to conclude that Goolsby's age of 56 years, his prison record of nine disciplinary infractions over twenty years, and his completion of classes in General Educational Development and sewing did not warrant a greater reduction. We discern no abuse of discretion.

The judgment of the district court is affirmed.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

May 29, 2020

Ms. Lisa Peters
FEDERAL PUBLIC DEFENDER'S OFFICE
Suite 490
1401 W. Capitol
Little Rock, AR  72201-3325

      RE:  19-1754  United States v. James Goolsby
            19-1958  United States v. James Goolsby

Dear Ms. Peters:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

      Michael E. Gans
      Clerk of Court

BNW

Enclosure(s)

cc:    Mr. James Goolsby
       Ms. Jana K. Harris
       Ms. Stephanie Mazzanti
       Mr. Jim McCormack
       Ms. Sylvia Talley

      District Court/Agency Case Number(s):   4:97-cr-00200-JLH-3

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Subject:** | 19-1754 United States v. James Goolsby "per curiam opinion filed" (4:97-cr-00200-JLH-3) |
| **Date:** | Friday, May 29, 2020 10:02:27 AM |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 05/29/2020

**Case Name:** United States v. James Goolsby
**Case Number:** 19-1754
**Document(s):** Document(s)

**Docket Text:**
PER CURIAM OPINION FILED - THE COURT: Steven M. Colloton, Bobby E. Shepherd and Ralph R. Erickson (UNPUBLISHED) [4918185] [19-1754, 19-1958] (Britny Williams)

**Notice will be electronically mailed to:**

Ms. Jana K. Harris, Assistant U.S. Attorney: jana.harris@usdoj.gov, caseview.ecf@usdoj.gov, sonia.dickson@usdoj.gov, stephanie.mazzanti@usdoj.gov, john.webster@usdoj.gov, leslie.bright@usdoj.gov
Ms. Stephanie Mazzanti, Assistant U.S. Attorney: Stephanie.Mazzanti@usdoj.gov, christy.averett@usdoj.gov, john.webster@usdoj.gov, leslie.bright@usdoj.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Ms. Lisa Peters, Assistant Federal Public Defender: Lisa_Peters@fd.org, caletta_jones@fd.org
Ms. Sylvia Talley, Assistant Federal Public Defender: Sylvia_Talley@fd.org

**Notice will be mailed to:**

Mr. James Goolsby
U.S. PENITENTIARY
P.O. Box 1000
Leavenworth, KS 66048-0000

The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/BritnyWilliams_191754_4918185_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=05/29/2020] [FileNumber=4918185-1]
[7581cf0c8907d7f522d1085a8029f1915dc3ec136072449b22aa80606d98a073bcb1e1147c6023be35a10ba59012591207fb4d8b0b96b395eb890d78d6089bef]]
**Recipients:**

- Mr. James Goolsby
- Ms. Jana K. Harris, Assistant U.S. Attorney
- Ms. Stephanie Mazzanti, Assistant U.S. Attorney
- Mr. Jim McCormack, Clerk of Court
- Ms. Lisa Peters, Assistant Federal Public Defender
- Ms. Sylvia Talley, Assistant Federal Public Defender

**Document Description:** Unpublished Per Curiam Opinion
**Original Filename:** 191754U.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=05/29/2020] [FileNumber=4918185-0]
[204f5ef3fcfeefcb8dab2fb09b50bff2951bdbef8ff3b6562d253851f7e8ec6a0ed876f50a1b89f6c813468ea978ff27c5962bf7c909780152e0e4853cfb5dc5]]

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4918185
**RELIEF(S) DOCKETED:**
  not for publication
**DOCKET PART(S) ADDED:** 6541596, 6541599, 6541598, 6541600