UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 23 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | CRIMINAL ACTION NUMBER |
| Plaintiff, | § | 4:97CR00200-03-JHL |
| V. | § | |
| JAMES GOOLSBY, | § | |
| Defendant. | § | |

DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)(i) AND FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, James Goolsby (hereinafter "Defendant"), and hereby through PRO SE moves this Honorable Court to Grant him Compassionate Release under the Newly Amended Changes by Congress to 18 U.S.C. § 3582 (c)(1)(A), and in support thereof, would respectfully show this Honorable Court as follows:

I. INTRODUCTION

In support of the foregoing Motion, Defendant will first of all inform this Honorable Court that he is unskilled and is a layman at the Profession of Law and is therefore being assisted by another inmate. Both the fellow inmate and Defendant, are layman at the Profession of Law and would therefore ask that this Court recognize the standards set forth by the United States Supreme Court in HAINES v. KERNER, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and in doing so, not hold Defendant herein to the rigid standards of a Professional Legal Litigator.

II. REASONS FOR GRANTING MOTION AND APPOINTMENT OF COUNSEL

Defendant herein, raised concerns to the Warden of his place of confinement in reference to **COVID-19** posing an unreasonable risk of serious damage to his Future Health, that could further cause his death in prison and thus requested **COMPASSIONATE RELEASE,** but the Warden denied such request.

However, and very sadly, Defendant has now contracted the deadly virus and the situation has changed from a concerning risk into a life-threatening emergency. Defendant's heightened risks require him to have access to advanced medical care, something that USP Leavenworth will

not and cannot provide. Defendant remains in his cell while the facility is on a modified lockdown, as there are more than 500 positive inmates, including staff members at USP Leavenworth. See, https://www.bop.gov.coronavirus/. Defendant is now reporting serious difficulty breathing, by having shortness of breath, and had never felt sicker in his life. Defendant also reports that he is receiving limited medical care.

The fact that USP Leavenworth is experiencing a major **COVID-19** outbreak is evidence enough to show that the facility is unequipped to care for someone like Defendant. In addition, courts in other compassionate release cases have rightly observed that the BOP is not able to properly care for prisoners who have serious medical issues. See, e.g., UNITED STATES v. VASQUEZ-TORRES, No. 19-cr-20342, 2020 WL 4019038 (S.D. Fla. July 10, 2020)(releasing defendant with diabetes, hypertension, and other issues, due to "BOP's apparent inability to adequately treat Defendant's **COVID-19** infection"); UNITED STATES v. DELATEUR, No. 18-cr-5364, 2020 WL 3989175, at *2 (W.D. Wash. July 1, 2020)(granting release because defendant "presents multiple health issues that raise serious questions regarding the ability to provide adequate measures and medical care while incarcerated").

Furthermore, even if USP Leavenworth is able to manage Defendant's care for this infection, Defendant may be at

risk of **REINFECTION** should he remain incarcerated; Defendant will be able to more efffectively avoid **REINFECTION** upon release than if he remains incarcerated at USP Leavenworth. It is currently an open question in the scientific and medical communities whether individuals who contract **COVID-19** develop any sort of immunity, and if they do, how long such immunity might last. However, researchers have recently confirmed the **FIRST CASE OF COVID-19 [R]EINFECTION** in the United States. See, ERIKA EDWARDS & AKSHAY SYAL, **COVID-19 REINFECTION REPORTED IN NEVADA PATIENT, RESEARCHERS SAY**, NBC NEWS (Aug. 28, 2020), https://nbcnews.to/33n9WdG. Notably, the re-infected patient suffered a more severe case of **COVID-19** the second time he was infected. Id.

In recognition of the developing knowledge regarding immunity and reinfection, numerous courts have granted compassionate release to individuals who have tested positive for **COVID-19**. See, e.g., UNITED STATES v. JACOBS, No. 19-cr-00149, 2020 WL 3637625, at *5 (S.D. Iowa, July 2, 2020)("Other Courts have found that a defendant can present a sufficiently extraordinary and compelling reason for release if he or she receives inadequate care following a **COVID-19** diagnosis or has underlying health conditions that can make that diagnosis more deadly... In other words, **COVID-19** diagnosis does not moot a defendant's request for compassionate release"); UNITED STATES v. PLANK, No. 17-20026-SWL, 2020 WL 3618858, at *3 (D. Kan. July 2,

2020)(noting exposure to COVID-19 outbreak within prison facility creates risk of worsening illness even where a defendant already contracted the virus); UNITED STATES v. YELLIN, No. 15-cr-03181, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020)(granting compassionate release to a defendant who tested positive and did not develop severe symptoms because "the possibility of REINFECTION PERSISTS"); UNITED STATES v. SCHAFFER, 13-cr-00220, 2020 WL 3481562, at *1-2 (N.D. Cal. June 24, 2020)(granting compassionate release to a defendant who recovered from COVID-19, noting "the scientific community has not, as of this date, determined whether a prior infection produces immunity or affects the severity of any potential subsequent infection"); UNITED STATES v. DAVIS, No. 15-cr-00062, 2020 WL 3443400, at *2 (E.D. Cal. June 23, 2020)("The prevalence of the disease in this facility puts defendant at great and particularized risk due to his well-documented, serious, and ongoing health conditions. Although the Government argues that defendant's motion is moot because he has already contracted COVID-19 and is currently being treated, such an argument ignores the possibility that defendant may become infected again even if he fully recovers").

Defendant argues that he needs an Attorney that may properly represent him in a Motion under 18 U.S.C. § 3582 (c)(1)(A), based on the fact that his institution finds itself under a Modified Lockdown where he does not have

proper access to a Law Library, due to the **COVID-19 OUTBREAK.**

Hence, Defendant herein prays that this Honorable Court **GRANT** him Compassionate Release. Because Defendant files this Emergency Motion more than 30 days [after] submitting his Compassionate Release request with the Warden, this Honorable Court may address the merits of his motion and appoint Court Appointed Counsel.

## CONCLUSION

WHEREFORE, Defendant prays that, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended, this term of imprisonment be modified to time-served, all as more fully set out in any brief or supplement Motion that may be filed by the Court **APPOINTED COUNSEL** assigned by this Honorable Court.

Defendant furthermore prays for all further **RELIEF** to which he may be entitled to in this proceeding in the interest of justice.

Respectfully submitted,

*/s/ James Goolsby*
James Goolsby   (PRO SE)
REG. NO. 21248-009
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS 66048

CERTIFICATE OF SERVICE

I, James Goolsby, hereby certify that I have forwarded a true and correct copy of the foregoing instrument by the method indicated to all counsel of record listed below on the 18, day of November, 2020.

(U.S. FIRST CLASS MAIL)

U.S. ATTORNEY
METROPOLITAN NATIONAL BANK BLDGL
425 WEST CAPITOL AVENUE
SUITE 500
LITTLE ROCK, AR 72201

_____
James Goolsby            (PRO SE)