IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

v.                                **Case No. 4:97-CR-00200-LPR-3**

**JAMES GOOLSBY**                                                                                      **DEFENDANT**

**<u>ORDER</u>**

Mr. Goolsby's *pro se* Motion for Reconsideration (Doc. 316) is DENIED. Mr. Goolsby's Motion is an improper attempt to circumvent Section 404(c) of the First Step Act. That section says "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously . . . reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." Mr. Goolsby concedes his sentence was previously reduced under the relevant sections of the First Step Act.[1] That's really the end of the matter.

Citing the next portion of the same provision, Mr. Goolsby argues that the first sentence reduction would only block a renewed request if there had been "a complete review of the motion on the merits" the first time around. But, as a matter of grammar, this "complete review" language applies only to denials of sentence reductions, not to grants of sentence reductions. In this case, where the district court did reduce the sentence, the "complete review" language is inapplicable. Furthermore, as the Government illustrates in section II.B. of its Response Brief, the first sentence reduction was a complete review of the motion on the merits—the judge reducing the sentence did not fail to apply any intervening law and also understood he had the ability to consider anew the § 3553(a) factors.

---

[1] Def.'s Reply Br. (Doc. 327) at 2.

IT IS SO ORDERED this 21st day of February 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE